Filed 11/18/24  P. v. Smith CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH EDWARD SMITH,<br><br>    Defendant and Appellant. | B331802<br><br>(Los Angeles County<br>Super. Ct. No. YA065744) |

APPEAL from an order of the Superior Court of Los Angeles County.  Tony Cho, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, Under Appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

## INTRODUCTION

Appellant Kenneth Edward Smith pled no contest to one count of attempted murder.  Smith also admitted that he personally used a firearm during the commission of the offense and that he committed the offense for the benefit of a gang.  The trial court sentenced Smith to 29 years in prison.

Smith later filed a resentencing petition under Penal Code section 1172.6.[1]  The People opposed the petition, arguing the preliminary hearing and plea hearing transcripts established that Smith was the actual shooter and, as a result, ineligible for resentencing as a matter of law.  The trial court agreed with the People's position and denied Smith's petition at the prima facie stage.

On appeal, Smith argues the court erred when it denied his petition because the record of conviction does not conclusively establish he is ineligible for resentencing, and the court could not have denied his petition without engaging in impermissible factfinding based on testimony contained in the preliminary hearing transcript.  We agree and reverse the order denying Smith's petition and remand for further proceedings under section 1172.6.

## BACKGROUND

**1.    The preliminary hearing**

The court conducted a preliminary hearing in early June 2007.  One of the responding officers, a gang expert, and the victim named in the first count of attempted murder testified at the hearing.

One evening, Davione McDowell was standing outside an apartment near a group of men.  While McDowell was on the

---

[1]    All further undesignated statutory references are to the Penal Code.

2

phone, he heard a series of gunshots. As McDowell ran away, he felt bullets fly past his head. McDowell did not see who fired the shots.

Los Angeles County Sheriff's deputy Alfonso Bertieri and his partner were on patrol when they heard the gunshots. Although it was dark out, they saw two men, one of whom was Smith, standing outside a parked SUV. A third man was in the SUV's driver seat. Deputy Bertieri initially believed both men standing outside the SUV were firing guns. He later realized that Smith was the only person firing a gun, while the other man directed Smith where to shoot.

When Smith saw Deputy Bertieri's squad car, he and his cohort got into the SUV. The officers followed the SUV for several miles, as Smith fired at them from the rear passenger seat. When the SUV finally stopped, the driver fled on foot while Smith and the other cohort remained inside the car. The driver was later apprehended with a gun. Neither Smith nor the other man inside the car had a gun when they were apprehended, and no gun was found inside the vehicle.

A gang expert testified that Smith and his cohorts were members of the Eight Tray Gangster Crips gang. McDowell was a member of the Under Ground Crips gang. According to the gang expert, the Eight Tray Gangster Crips and the Under Ground Crips are rivals.

## 2.     The information and plea

The People filed an information charging Smith and his two cohorts with, among other crimes, seven counts of attempted willful, deliberate, and premeditated murder (§§ 664, 187). As to the seven counts of attempted murder, the People alleged that Smith: (1) committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)); (2) "personally used a firearm, a handgun, within the meaning of Penal Code

section 12022.53(b)"; and (3) "personally and intentionally discharged a firearm, a handgun, within the meaning of Penal Code section 12022.53(c)."

In November 2008, Smith pled no contest to attempted murder in count 1.  Smith also admitted that he personally used a firearm under section 12022.53, subdivision (b), and that he committed the crime for the benefit of a criminal street gang.  When the court took Smith's admission to the firearm enhancement, however, it stated that the section 12022.53, subdivision (b) enhancement alleged that Smith "personally used *and discharged* a firearm during the commission of the offense," even though the information alleged only that Smith personally used a firearm under section 12022.53, subdivision (b).  (Italics added.)  Defense counsel stipulated to a factual basis based on the police reports, preliminary hearing transcript, and the probation officer's report.  The court sentenced Smith to 29 years in prison.

3.    **The resentencing petition**

In March 2023, Smith filed a resentencing petition under section 1172.6.  The court appointed counsel to represent him.

The People opposed Smith's petition.  The People argued that Smith was ineligible for resentencing because his plea and the evidence presented at the preliminary hearing established that he was the actual shooter and acted with the intent to kill.  The People attached to their opposition, among other things, copies of the preliminary hearing and plea hearing transcripts and a copy of the minute order from the plea hearing.

In June 2023, the court held a hearing on Smith's petition.  The court denied the petition, finding that, "based on the . . . arguments . . . put forth in [the People's] opposition," Smith was ineligible for resentencing.

Smith appeals.

4

**DISCUSSION**

Smith contends the court erred in denying his petition at the prima facie stage because nothing in the record of conviction establishes that he is ineligible for resentencing as a matter of law. We agree.

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) to eliminate natural and probable consequences murder and to limit application of the felony murder rule. (*People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*).) Now, except in cases of felony murder, "a principal in a crime shall act with malice aforethought" to be convicted of murder, and malice "shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

In addition to changing the law of murder going forward, Senate Bill 1437 allows defendants convicted of murder under a now-invalid theory to petition for resentencing under section 1172.6. (*Curiel*, *supra*, 15 Cal.5th at pp. 449–450.) The Legislature later enacted Senate Bill No. 775 (2021–2022 Reg. Sess.), which clarified that defendants convicted of attempted murder or voluntary manslaughter under a now-invalid theory are entitled to the same postconviction relief. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 335 (*Estrada*).)

Under section 1172.6, a defendant convicted of, among other crimes, attempted murder may petition the sentencing court to have his conviction vacated and to be resentenced on any remaining counts. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708.) The defendant must allege: (1) the information allowed the prosecution to proceed under a theory of murder or attempted murder, in which malice is imputed to the defendant based solely on his participation in a crime under the natural and probable consequences doctrine; (2) the defendant was convicted following a trial or accepted a plea in lieu of trial at which he could have

5

been convicted of murder or attempted murder; and (3) the defendant could not now be convicted of murder or attempted murder because of changes to the law made by Senate Bill 1437. (§ 1172.6, subd. (a).)

If the defendant files a facially sufficient petition requesting appointment of counsel, the trial court must appoint counsel and hold a hearing to determine whether the petitioner has made a prima facie showing of eligibility for relief. (§ 1172.6, subds. (b)(3) & (c).) If the defendant makes a prima facie showing, the court must hold an evidentiary hearing. (§ 1172.6, subd. (d).)

The court's analysis at section 1172.6's prima facie stage is designed "to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court may consider the record of conviction and the allegations in the defendant's petition. (*Ibid.*) The court may not engage in factfinding involving the weighing of evidence or the exercise of discretion, and the court should not " 'reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Ibid.*) The "court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record. [Citation.] And this allegation is not refuted by the record unless the record conclusively establishes every element of the offense." (*Curiel*, *supra*, 15 Cal.5th at p. 463.)

We independently review whether the court properly denied a resentencing petition at section 1172.6's prima facie stage. (*Estrada*, *supra*, 101 Cal.App.5th at p. 337.) As we explain, the court erred when it denied Smith's petition because

nothing in the record of conviction conclusively establishes that he is ineligible for resentencing under section 1172.6.

As a threshold matter, Smith filed a facially sufficient petition. Smith declared in his petition that: (1) an information was filed against him that allowed the People to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) he was convicted of attempted murder after he accepted a plea offer in lieu of going to trial; and (3) he could not be convicted of attempted murder under current law. Because we must accept Smith's declarations as true at the prima facie stage, the court could not deny his petition unless the record of conviction conclusively establishes that he is ineligible for resentencing. (*Curiel*, *supra*, 15 Cal.5th at p. 463.)

The People argue the information, Smith's plea, and the testimony contained in the preliminary hearing transcript conclusively establish that Smith was the actual shooter, rendering him ineligible for resentencing. We disagree.

In count 1 of the information, Smith and two codefendants were charged with the premeditated attempted murder of McDowell. The information does not allege any specific theory of premeditated attempted murder. When Smith was charged, a defendant could be convicted of premeditated attempted murder under a natural and probable consequences theory, even if the defendant did not act with premeditation and deliberation or the intent to kill. (*People v. Ramos* (2024) 103 Cal.App.5th 460, 465 (*Ramos*).) The information, therefore, allowed the prosecution to proceed under any theory of liability for premeditated attempted murder, including a natural and probable consequences theory. (*Ibid.*)

Smith's no contest plea to attempted murder also does not establish that he is ineligible for resentencing. Smith pled no contest to simple attempted murder, without the "willful,

7

deliberate, [and] premeditated" allegation. Smith did not admit that he acted with intent to kill or premeditation, or that he committed the offense under any specific theory. The People, therefore, could have prosecuted Smith under a natural and probable consequences theory of attempted murder had his case gone to trial. (*Ramos*, *supra*, 103 Cal.App.5th at p. 465.)

Nor does Smith's admission of the personal use of a firearm allegation under section 12022.53, subdivision (b), establish his ineligibility for resentencing. The admission of a sentencing enhancement admits only the facts necessary to establish the elements of the enhancement. (*Estrada*, *supra*, 101 Cal.App.5th at p. 338.) Personal use of a firearm under section 12022.53, subdivision (b), requires only the intent to use a firearm. The enhancement does not require that the defendant intend any specific outcome result from his use of the firearm. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 598 (*Offley*) [a section 12022.53, subdivision (d) firearm enhancement does not establish the defendant acted with malice aforethought].)

The People claim that Smith admitted he discharged a firearm. Presumably, the People rely on the court's statement that the section 12022.53, subdivision (b) enhancement "alleges that [Smith] personally used and discharged a firearm during the commission of the offense" while taking Smith's plea. But section 12022.53, subdivision (b), as written in the Penal Code and alleged in this case, requires only that a defendant use a firearm during the commission of the offense. Section 12022.53, subdivision (c) on the other hand, requires the defendant to both use and intentionally discharge a firearm during the commission of the offense. Although the People alleged a firearm enhancement under section 12022.53, subdivision (c), Smith did not admit that enhancement allegation. Indeed, the court imposed only an additional 10-year term for the firearm

8

enhancement in this case, which is the additional punishment prescribed by section 12022.53, subdivision (b), while section 12022.53, subdivision (c) requires the court to impose an additional 20-year term.  Thus, it appears the court misspoke when it described the section 12022.53, subdivision (b) allegation while taking Smith's plea.

In any event, even if we were to assume Smith admitted that he used *and* discharged a gun when he admitted the section 12022.53, subdivision (b) firearm allegation, that admission alone does not establish his ineligibility for resentencing, for the same reasons we just discussed.  That is, Smith did not admit that he harbored an intent to kill when he intentionally discharged the firearm.  (See *Offley*, *supra*, 48 Cal.App.5th at p. 598.)

Finally, to the extent the court relied on the preliminary hearing transcript to deny Smith's petition, it was error to do so. Courts are split on whether a trial court's use of evidence contained in a preliminary hearing transcript to deny a resentencing petition at the prima facie stage constitutes impermissible factfinding.  (See e.g., *People v. Williams* (2024) 103 Cal.App.5th 375, 389–394 (*Williams*).)  Pending the Supreme Court's resolution of this issue, we agree with the analysis in *Williams*.

As *Williams* explained, testimony from a preliminary hearing establishes, at most, that there is probable cause to hold a defendant to answer for the charged offense, even where testimony that a defendant was the actual shooter or killer is uncontroverted.  (*Williams*, *supra*, 103 Cal.App.5th at p. 397.) But "[b]eing held to answer . . . does not constitute a factual finding that the allegation is true . . . [or] a determination that the allegation is supported by substantial evidence." (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975–976.)  Indeed, the court

lacks authority at the preliminary hearing to determine the guilt or innocence of the defendant. (*Williams*, at p. 397.) Importantly, "the prosecution's trial strategy is not limited to the evidence presented at the preliminary hearing. Rather, the prosecution may discover and proffer additional proof when the case proceeds to trial." (*Id*. at p. 398.)

That Smith stipulated to the preliminary hearing transcript as a factual basis for his plea does not mean that he admitted the truth of any of the facts contained in that transcript. A stipulation to a factual basis for a plea is not a binding admission for all purposes, and " '[a] defendant is not required to personally admit the truth of the factual basis of the plea.' " (*Williams*, *supra*, 103 Cal.App.5th at p. 398.) Nothing in the record, including the transcript from Smith's plea hearing, demonstrates that Smith admitted the truth of any testimony from his preliminary hearing.

In sum, we conclude the record does not conclusively establish that Smith is ineligible for resentencing. The matter, therefore, must be remanded for an evidentiary hearing under section 1172.6, subdivision (d). We express no opinion on the merits of Smith's petition at the evidentiary hearing.

## DISPOSITION

The order summarily denying Smith's petition is reversed. The matter is remanded with directions for the court to issue an order to show cause under section 1172.6, subdivision (c), and to hold an evidentiary hearing under section 1172.6, subdivision (d).


VIRAMONTES, J.

I CONCUR:


STRATTON, P. J.


10

**B331802**
*People v. Smith*
**GRIMES, J., Dissenting.**

Respectfully, I dissent.

The Supreme Court will decide whether trial courts may use a preliminary hearing transcript at the prima facie stage of the resentencing process. The majority correctly states there is a split of authority among the lower courts on that issue. Pending the Supreme Court's resolution of the issue, I believe *People v. Mares* (2024) 99 Cal.App.5th 1158, review granted, May 1, 2024, S284232 is the better analysis.

Deputy Bertieri testified at the preliminary hearing that defendant was the only one of the three cohorts involved in the attempted murder who fired a gun while a second cohort told him where to shoot. Defendant continued firing at the deputies as they pursued the three who attempted escape in an SUV. A gang expert testified the three cohorts were members of the Eight Tray Gangster Crips, and the victim was in a rival gang. There was no reason for the prosecution to proceed under any theory of murder other than premeditated murder. I cannot think of any scenario that might prompt the prosecution to pursue a natural and probably consequences theory. When a defendant pleads no contest to attempted murder, admits he personally used a firearm, and he is the sole and actual shooter, he should be ineligible for resentencing. (See *People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670.) I would affirm denial of the resentencing petition.


GRIMES, J.